
# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-60938

United States Court of Appeals
Fifth Circuit
**FILED**
December 23, 2013
Lyle W. Cayce
Clerk

ALBERT BROWN,

        Plaintiff−Appellee
        Cross Appellant,

versus

MISSISSIPPI DEPARTMENT OF HEALTH,

        Defendant−Appellant
        Cross Appellee.

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:11-CV-146

Before SMITH, PRADO, and ELROD, Circuit Judges.

PER CURIAM:[*]

    Albert Brown sued his employer, the Mississippi Department of Health

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60938

("MDH"), under Title VII for race discrimination and retaliation. At trial, the district court granted a directed verdict in favor of MDH on the discrimination claim; the jury then returned a verdict for Brown on retaliation, awarding back pay and compensatory damages. The court then granted in part MDH's motion for remittitur. Further, the court denied Brown's request for reinstatement to the position to which he claimed he has been wrongfully denied but granted in part his motion for front pay and denied his motion for compensation to offset additional tax liabilities from the award.

MDH appeals the judgment to the extent it is adverse. Brown does not challenge the directed verdict on the discrimination claim but cross-appeals the denial of a tax offset and the temporal limitation on the award of future wages.

We have reviewed the briefs and applicable law and the pertinent portions of the record and have heard the arguments of counsel. There is no reversible error on the appeal or cross-appeal.

A few weeks after briefing was completed, the Supreme Court decided *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517 (2013), which announced a but-for test instead of a mixed-motive test for retaliation claims. Although neither party called that decision to our attention, we requested letter briefs on the significance, if any, of *Nassar* to this case. Without opining on what result might obtain here under *Nassar*, we determine that its applicability is waived by MDH's failure to raise that test in the district court, either by proffered jury questions or otherwise, not to mention the failure to raise it on appeal until we asked for letter briefs. There is no reversible error here under the mixed-motive rubric.

The judgment is in all respects AFFIRMED.